UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALESKA JOHANNA HERRERA LARA,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY S. ROBBINS, et al.,<br><br>Respondents. | No. 1:26-cv-00763-DAD-JDP<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On January 29, 2026, petitioner Aleska Johanna Herrera Lara filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting her immediate release and an order enjoining respondents from re-detaining her without first providing a pre-detention hearing before a neutral adjudicator where respondents would bear the burden to demonstrate that she is a danger to the community or a flight risk. (Doc. No. 2.) On January 29, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded

1

1  that due process required a pre-detention hearing to protect the petitioner's liberty interest in her
2  continued release.  (Doc. No. 5.)
3       On January 30, 2026, respondents filed an opposition to the motion for temporary
4  restraining order.  (Doc. No. 10.)  Respondents concede therein that there does not appear to be
5  any substantive distinctions between this case and *Ayala Cajina*.  (*Id.* at 1.)  Respondents also
6  state that they do not oppose converting the motion for temporary restraining order to a motion
7  for preliminary injunction.  (*Id.*)  Moreover, respondents suggest that the court enter a final
8  judgment "granting the petition for writ of habeas corpus on the merits" should the court desire to
9  grant a preliminary injunction.  (*Id.*)
10      In support of her petition for writ of habeas corpus and motion for a temporary restraining
11  order, petitioner presents evidence of the following.
12      Petitioner entered the United States on April 15, 2024, was detained by immigration
13  authorities, and released by those authorities "on her own recognizance."  (Doc. No. 1 at ¶ 1.)
14  Petitioner was re-detained by ICE on December 8, 2025, when she presented herself to an ICE
15  monitoring officer  in the San Francisco field office as directed.  (*Id.* at ¶ 4.)
16      Because respondents have conceded that this case is not substantively distinct from the
17  court's prior order in *Ayala Cajina*, the court incorporates and adopts the reasoning set forth in
18  that order and finds that petitioner's continued detention violates due process.
19      For the reasons above,
20  1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as
21        follows:
22        a.    Respondents are ORDERED to immediately release petitioner from
23              respondents' custody with the same conditions she was subject to
24              immediately prior to her detention on December 8, 2025;
25        b.    Respondents are ENJOINED AND RESTRAINED from re-detaining
26              petitioner for any purpose, absent exigent circumstances, without providing
27              petition notice and a pre-detention hearing before an immigration judge
28  /////

where respondents will have the burden to demonstrate that petitioner is a danger to the community or a flight risk;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order;

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: **February 2, 2026**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE